# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CR-31 RLM |
| | ) | |
| FRANK ALLEN FINNEY | ) | |

## FINDINGS AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE
## UPON A PLEA OF GUILTY

On June 20, 2008, the Honorable Robert L. Miller, Jr., Chief Judge, referred this case to the undersigned to make findings as to whether the defendant (1) is competent to enter a plea; (2) knowingly and voluntarily wishes to enter a plea to the charge(s); (3) understands the charge(s); (4) whether there exists a factual basis for the charge(s); and a recommendation as to whether a plea of guilty should be accepted by the United States District Court Judge.

On **June 27, 2008, at 2:00 p.m.** (EDT), a hearing was held on the defendant's request to enter a plea of guilty.  Appearing for the United States was Assistant United States Attorney Frank E. Schaffer. Appearing for the defendant was David B. Weisman; the defendant was personally present.  With the written consent of defendant, his counsel and the counsel for the United States, the undersigned proceeded to conduct the hearing.

During the course of the Court's Rule 11 colloquy, the Defendant, his attorney and the attorney for the United States, disclosed that there is an agreement between the Defendant and the United States which was  not included in the written plea agreement and which the parties did not wish to make public.  The Court continued with the Rule 11 colloquy and took the Defendant's plea under advisement in order to consider an in-camera supplement.

On July 2, 2008, the parties filed, under seal, an addendum to the plea agreement signed by the Defendant, his counsel and an attorney for the United States.

In consideration of the hearing of June 27, 2008, the statements made by the defendant

under oath on the record and in the presence of counsel, the remarks of the Assistant United

States Attorney and of counsel for defendant, and the addendum to the plea agreement submitted

in-camera and sealed

I FIND as follows:

(1) that defendant is competent to plead guilty;

(2) that the defendant understands that his answers may later be used against him in a

prosecution for perjury or false statement;

(3) that defendant understands the nature of the charge against him to which the plea is

offered;

(4) that the defendant understands the charge and what the maximum possible sentence is,

including the effect of the supervised release term, and defendant understands that the sentencing

guidelines apply and that the Court may depart from those guidelines under some circumstances;

(5) that the defendant understands his right to trial by jury, to persist in his plea of not

guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and

his right against compelled self-incrimination; to appeal his conviction, if convicted, and that the

defendant has knowingly and voluntarily waived those rights, and wishes to plead guilty.

(6) that the plea of guilty by the defendant has been knowingly and voluntarily made and

is not the result of force or threats or of promises apart from the plea agreement between the

parties; and,

(7) that there is a factual basis for the defendant's plea.

In light of those findings,  I now recommend that; (1) the Court accept the defendant's

plea of guilty (2) that the defendant be adjudged guilty of **Count 5** of the **Indictment**, in

violation of Title 18 U.S.C. Section 924(c) and  have sentence imposed.  A Presentence Report

has been ordered.  Should this Report and Recommendation be accepted and the Defendant

adjudged guilty, sentencing has been scheduled for **September 10, 2008 at 9:00 a.m.** (EDT),

before Chief Judge Robert L. Miller, Jr.  Objections to the Findings and Recommendation are

waived unless filed and served within ten (10) days.  28 U.S.C. § 636(b)(1)(B).

DATED: July 2, 2008

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge